| | |
|---|---|
| 1 | Marty G. Baker, Esq. (AZ Bar No. 025278) |
| 2 | ROUTH CASTLE COOPER OLSEN, LLC<br>A Multi-Jurisdictional Law Firm |
| 3 | 22601 North 19th Avenue, Suite 201<br>Phoenix, Arizona 85027 |
| 4 | (623) 582-1222<br>File No.: 8261.30387 |
| 5 | |
| 6 | Attorneys for CITIMORTGAGE, INC. its successors and or assigns |
| 7 | |

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA - PHOENIX DIVISION DIVISION

| | |
|---|---|
| IN RE:<br><br>MELISSA A. DEL PONTE<br><br>DEBTOR. | Case No.: 09-10544-GBN<br><br>Chapter: 7<br><br>MOTION FOR RELIEF FROM AUTOMATIC STAY<br>(11 USC § 362 and Bankruptcy Rule 4001) |
| CITIMORTGAGE, INC., its successors and or assigns<br><br>Movant,<br><br>v.<br><br>MELISSA A. DEL PONTE, , Debtor; and David M. Reaves, Chapter 7 Trustee<br><br>Respondents. | |

TO THE RESPONDENTS NAMED ABOVE:

CITIMORTGAGE, INC., its successors and/or assigns ("Movant"), respectfully represents as follows:

## RELIEF FROM STAY –CAUSE

1. This court has jurisdiction over the subject matter of this Motion pursuant to the provisions of 28 United States Code § 157, 1334, and 11 United States Code § 362.

2. On or about May 15, 2009, Melissa A. Del Ponte, ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. David M. Reaves is the appointed Chapter 7 Trustee.

3. On or about August 7, 2007, Debtor, for valuable consideration, made, executed, and delivered a Note in the principal amount of $135,900.00 (the "Note"). Pursuant to the Note, Debtor is obligated to make monthly principal and interest payments commencing October 1, 2007, and continuing until September 1, 2037, when all outstanding amounts are due and payable. A true and correct copy of the Note is attached as Exhibit "A" to the Motion for Relief from Stay and incorporated herein by reference.

4. On or about August 7, 2007, Debtor made, executed, and delivered a Deed of Trust (the "Deed of Trust") granting a security interest in certain real property located at 6688 North 43rd Avenue, Glendale, AZ, 85301 (hereinafter "Real Property"), which is more fully described in the Deed of Trust. The Deed of Trust provides that attorney's fees and costs incurred as a result of the Debtors' bankruptcy case may be included in the outstanding balance under the Note. The Deed of Trust was recorded August 13, 2007, in the Official Records of Maricopa County, State of Arizona. A true and correct copy of the Deed of Trust is attached hereto as Exhibit "B" to the Motion for Relief from Stay and incorporated herein by reference.

5. The Note is currently owned by CITIMORTGAGE, INC. The Allonge to Agreement is from American Mortgage Group, Inc. to CITIMORTGAGE, INC. Please see Exhibit "A".

6. The Debtor is in default of her obligations under the Note for failure to make payments as of October 1, 2008. As of June 17, 2009, the total amount owing under the Note is the approximate sum of $146,033.53, representing the principal balance of $135,897.86, interest in the sum of $8,526.65, late charges in the amount of $597.79, and escrow advances in the amount of $1,011.23.

7. Movant has not received the payments owing for October 1, 2008, through June 1, 2009. Accordingly, the arrears owing under the Note are in the approximate sum of $10,324.13, consisting of 2 payments of $1,073.93 each, 7 payments of $1,082.64 each, and late charges at $597.79, excluding the attorneys' fees and costs incurred in filing the instant Motion. Further, the July 1, 2009, payment will have come due by the time of any hearing on this Motion.

## RELIEF FROM STAY

## LACK OF EQUITY

8. Movant is informed and believes that, based on the Debtors' bankruptcy Schedules, the fair market value of the Real Property is no more than $73,000.00. True and correct copies of Debtors' bankruptcy Schedules A and D are collectively attached hereto as Exhibit "C" to the Motion for Relief from Stay and incorporated herein by reference.

9. Based on the above, under the best case scenario, Movant is informed and believes that the equity in the Real Property is as follows:

| | |
|---|---:|
| Fair Market Value | $73,000.00 |
| Less: | |
| Movant's Deed of Trust | $146,033.53 |
| Cost of Sale (8%) | $5,840.00 |
| Negative Equity in Property: | (-)$78,873.53 |

As a result, there is little to no equity in the Real Property to be realized by the Debtor or the bankruptcy estate. Further, as the Debtor is unable to service the debt on the Real Property, Movant

contends that the Real Property is not necessary for an effective reorganization. Therefore, Movant is entitled to relief from the stay under 11 United States Code § 362(d)(2).

10. If Movant is not allowed to regain possession of and to foreclose on the Real Property it will suffer irreparable injury, loss, and damage.

## RELIEF FROM STAY-CAUSE
## ADEQUATE PROTECTION

11. Pursuant to the provisions of 11 United States Code § 361 and 362(d), Movant is entitled to adequate protection of its interest in the Real Property.

12. Movant submits that adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus repayment of any and all delinquent amounts owed to Movant, including all attorney's fees and costs incurred in the filing of this motion.

13. Movant is informed and believes that Debtor is presently unwilling or unable to provide adequate protection to the Movant and there is no probability that adequate protection can be afforded to Movant within a reasonable time.

14. By reason of the foregoing, Movant is entitled to relief from the stay under 11 United States Code § 362(d)(1), based upon the failure of Debtor to provide adequate protection to Movant.

WHEREFORE, Movant respectfully prays for an Order of this court as follows:

1. Terminating the automatic stay as it applies to the enforcement by Movant of all its rights to the Real Property under the Note and Deed of Trust;

2. Granting Movant leave to foreclose on the Real Property and to enforce the security interest under the Note and Deed of Trust, including any action necessary to obtain possession of the Property;

3. Permitting Movant to offer and provide Debtor with information regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement and to enter into such agreement with Debtor;

4. Alternatively, in the event that the court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued, requiring the Debtor to

reinstate and maintain in a current condition all obligations due under the Note and Deed of Trust and all other deeds of trust encumbering the Property, including Debtors' obligations to pay when due (a) the monthly installments of principal and interest, as required under the Note; (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtor in order to protect Movant's interest in the Property, including all attorneys' fees and costs in the filing of this motion;

    5. That the attorneys' fees and costs incurred by Movant for filing the instant Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law; and

    6. For such other and further relief as the court deems just and proper.

Dated: June 17, 2009

_____
Marty G. Baker, Esq.
Attorneys for CITIMORTGAGE, INC.